UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

SALVATORE and JUDITH POLLACE,  No. 08-10483

                          Debtor(s).
_____/

MICHAEL and KATHLEEN RAZMEK,

                          Plaintiff(s),

      v.  A.P. No. 08-1073

SALVATORE and JUDITH POLLACE,

                          Defendant(s).
_____/

Memorandum After Trial
_____

     In this adversary proceeding, plaintiffs Michael and Kathleen Razmek seek a nondischargeable judgment against debtors and defendants Salvatore and Judith Pollace for fraud pursuant to § 523(a)(2) of the Bankruptcy Code. While the Razmeks have failed to prove their case as to most of their claims, the court finds merit to one allegation of fraud.

     In early 2005, the Pollaces sold their home in Lake County to the Razmeks. It was a beautiful home with a panoramic lake view from the rear of the house. Salvatore Pollace had built a large deck at the back

1

of the house to take advantage of the view. The deck was a primary feature of the house.

Pollace knowingly built the deck right up to the property line of the adjoining vacant lot. In fact, the deck actually hung over the neighboring property. Pollace had been a licensed real estate agent with considerable experience in selling residential property and was fully aware that his deck violated setback requirements. Despite this knowledge, in written disclosure pursuant to the sale he represented that there were no violations of setback requirements.

Some time after the Razmeks move in, the situation regarding the deck came to the attention of both county officials and the adjoining landowner. The Razmeks sued the Pollaces in state court, and the Pollaces then filed their Chapter 13 bankruptcy petition.

The court has no difficulty finding that the representation regarding setbacks made by the Pollaces was false, and that it was a material misrepresentation which reasonably induced the Razmek's to purchase the home. The deck was a primary feature of the home, and the Razmeks would not have purchased the home without the deck. The court is further convinced that Salvatore Pollace made the misrepresentation knowing it was false and with the intent to induce the Razmeks to purchase the home. Accordingly, the Pollaces owe a nondischargeable debt to the Razmeks pursuant to § 523(a)(2).

The Pollaces argue that before the escrow closed the Razmeks agreed to accept the property "as is" and waived any rights based on the condition of the property. However, an "as is" provision does not protect a seller from liability for actual fraudulent misrepresentations. *In re Russell,* 203 B.R. 303 (Bkrtcy.S.D.Cal. 1996); *Loughrin v. Superior Court,* 15 Cal.App.4th 1188, 1195 (1993); See generally Frank J. Wozniak, Annotation, *Construction and Effect of Provision in Contract for Sale of Realty by Which Purchaser Agrees to Take Property "As Is" or in its Existing Condition,* 8 A.L.R.5th 312 (1992).

Sadly but not surprisingly given the current state of the local economy, the Razmeks lost the property to foreclosure before the deck problem could be resolved. However, it appears from the evidence that the adjoining property owner would have acquiesced as to the deck and cooperated in obtaining the needed permission for it to remain for a payment of $50,000.00. The court will accordingly assess damages in this

2

amount. The court declines to award punitive damages or prejudgment interest.

There is one final ironic twist to this sad case. Michael Razmek, who evidently enjoyed making his accusations against the Pollaces public, posted a statement on the Internet that "this is a sad day when crooks can file for bankruptcy protection to avoid paying damages resulting from their dishonesty." The statement is ironic because not only did the Razmeks thereafter file their own bankruptcy, but they failed to schedule their claim against the Pollaces as an asset. The Pollaces argue, with some justification, that it is the Razmeks who are the real crooks here and that they are judicially estopped from prosecuting this adversary proceeding.

The Razmeks have responded to the accusation of bankruptcy fraud by amending their schedules in their bankruptcy case and representing that anything recovered from the Pollaces will go to their bankruptcy trustee to repay their debts. Since the ultimate beneficiaries of a judgment rendered here will be the Razmeks' creditors, the court sees no justice in allowing the Razmeks' dishonesty to relieve the Pollaces of the consequences of their fraud. Accordingly, the court will take steps to insure that the Razmeks do not benefit until their creditors are paid.

For the foregoing reasons, the court will enter a nondischargeable judgment against the Pollaces for $50,000.00, together with costs of suit. However, the judgment shall be in the name of the bankruptcy trustee in the Razmeks' bankruptcy proceeding, who shall have the sole power to enforce or compromise the judgment until the Razmeks have either obtained an order from the bankruptcy court where their bankruptcy proceeding was filed deeming the judgment abandoned or that bankruptcy is dismissed without the Razmeks having obtained a discharge. Upon the happening of either event, the Razmeks may apply for an amended judgment substituting themselves for the bankruptcy trustee.

This memorandum constitutes the court's findings and conclusions pursuant to FRCP 52(a) and FRBP 7052. Counsel for the Razmeks shall submit an appropriate form of judgment forthwith. Counsel shall also serve a copy of this Memorandum on the Razmek's bankruptcy trustee.

Dated: February 19, 2009

Alan Jaroslovsky
U.S. Bankruptcy Judge

3

Case: 08-01073    Doc# 25    Filed: 02/19/09    Entered: 02/19/09 13:18:44    Page 4 of 4